Robert J. Herrington (SBN CA 234417)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Tel.: 310.586.7700; Fax: 310.586.7800
herringtonr@gtlaw.com

James N. Boudreau (pro hac vice forthcoming)
GREENBERG TRAURIG, LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19103
Tel.: 215.988.7833; Fax: 215-988-7801
boudreauj@gtlaw.com

Leanna C. Costantini (SBN CA 294028)
GREENBERG TRAURIG, LLP
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Tel.: 949.732.6500; Fax: 949.732.6501
costantinil@gtlaw.com

Attorneys for Defendant,
WAL-MART STORES, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| RANDY PITRE, on behalf of himself, all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO. 2:17-cv-05415<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION AND CAFA)** |

**PLEASE TAKE NOTICE** that Defendant Wal-Mart Stores, Inc. ("Walmart") hereby removes the above-captioned action, RANDY PITRE, on behalf of himself, all others similarly situated, v. WAL-MART STORES, INC., a Delaware corporation, and DOES 1 through 100, inclusive, Case No. 30-2017-00927449-CU-OE-CXC (the "Action"), from the California Superior Court for the County of Orange to the United States District Court for the Central District of California (Southern Division), pursuant to 28 U.S.C. §§ 1331, 1332(d), 1367(a), and 1453. Walmart hereby provides a "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

## THIS COURT HAS FEDERAL QUESTION JURISDICTION AND SUPPLEMENTAL JURISDICTION

1. This action is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed pursuant to 28 U.S.C. § 1441(a), in that it appears from the Complaint that Plaintiff has filed an action involving a claim or right arising under the laws of the United States. A copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2. More specifically, the Complaint alleges that Walmart "acquire[s] consumer, investigative consumer and/or consumer credit reports . . . to conduct background checks on PLAINTIFF and other prospective, current and former employees . . . without providing proper disclosures and obtaining proper authorization" in violation of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* (Ex. A ¶ 2; *see id.* ¶¶ 1-3, 19-49.) Plaintiff seeks, among other things, statutory damages under the FCRA. (*Id.* ¶¶ 37-38, Prayer for Relief.) *See* 15 U.S.C. § 1681p ("An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction . . . .").

3. Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims, which allege violations of the Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786 *et seq.*, the Consumer Credit Reporting Agencies

Act ("CCRAA"), Cal. Civ. Code §§ 1785 *et seq.*, and the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* (Ex. A ¶¶ 39-91.) Pursuant to 28 U.S.C. § 1367(a), "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." That is the case here. All of Plaintiff's state law claims arise out of the same alleged unauthorized consumer reports. (*See* Ex. A ¶ 62 ("DEFENDANTS procured background checks or caused background checks to be procured for PLAINTIFF and class members without first providing a written disclosure in compliance with § 1786.16(a)(2)(B) of the ICRAA[.]"); *id.* ¶ 74 ("DEFENDANTS procured credit reports or caused credit reports to be procured for PLAINTIFF and class members without first providing a written notice in compliance with § 1785.20.5(a) of the CCRAA[.]"); *id.* ¶ 86 ("DEFENDANTS have violated Federal and California laws through . . . acquiring consumer, investigative consumer and/or consumer credit reports . . . to conduct background checks on PLAINTIFF and other prospective, current and former employees and use information from credit background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.").) Accordingly, this Court has supplemental jurisdiction over Plaintiff's derivative state law claims.

## THIS COURT ALSO HAS JURISDICTION UNDER CAFA

4. This Court also has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453. Under CAFA, United States District Courts have original jurisdiction over any civil action wherein (1) the proposed class contains at least 100 members; (2) the defendant is not a state official or governmental entity; (3) there is diversity between at least one putative class member and one defendant; and (4) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *Id.* All of these requirements are met here.

5.  For the FCRA claim, Plaintiff seeks to represent a putative class defined as "[a]ll of DEFENDANT'S current, former, and prospective applicants for employment in the United States who applied for a job with DEFENDANTS at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action" (the "FCRA Class"). (Ex. A ¶ 10(A).) Plaintiff seeks to recover statutory damages pursuant to 15 U.S.C. § 1681n, which provides for "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." (*Id.* ¶ 37.) While reserving all arguments with respect to whether the putative class so defined by Plaintiff is proper, Walmart states that the total number of current, former, and prospective applicants for which a background check was performed in the United States since 2012 exceeds 50,001. Thus, the proposed FCRA Class is greater than 100, and the amount in controversy exceeds $5,000,000.

6.  Further, as alleged, at least one member of the proposed nationwide FCRA Class is a citizen of a state other than Arkansas or Delaware. Plaintiff alleges that Walmart is a Delaware corporation (Ex. A ¶ 5), and Walmart's principal place of business is in Arkansas. Therefore, CAFA's minimum diversity requirement is satisfied. Walmart further states that it is not a state official or governmental entity.

7.  For the CCRAA claim, Plaintiff seeks to represent a putative class defined as "[a]ll of DEFENDANT'S current, former, and prospective applicants for employment in California, at any time during the period beginning seven years prior to the filing of this action and ending on the date that final judgment is entered in this action" (the "CCRAA Class"). (*Id.* ¶ 10(C).) Plaintiff further claims that the alleged violations of CCRAA were willful and seeks punitive damages pursuant to Cal. Civ. Code § 1785.31, which provides for punitive damages of "not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper." (*Id.* ¶ 77.) While reserving all arguments with respect to whether the putative class so defined by Plaintiff is proper, Walmart states that the total number of current, former, and prospective applicants

for employment in California since 2010 exceeds 50,001. Thus, the proposed CCRAA Class is greater than 100, and the amount in controversy exceeds $5,000,000.

8. Further, as alleged, at least one member of the proposed CCRAA Class is a citizen of California. Plaintiff alleges that Walmart is a Delaware corporation (Ex. A ¶ 5), and Walmart's principal place of business is in Arkansas. Therefore, CAFA's minimum diversity requirement is satisfied. Walmart further states that it is not a state official or governmental entity.

## SERVICE ON THE STATE COURT AND PLAINTIFF

9. Pursuant to 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the Orange County Superior Court.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

10. In accordance with 28 U.S.C. § 1446(a), true and correct copies of the remainder of the pleadings, process and orders served upon Walmart are attached hereto as **Exhibit B**.

## REMOVAL IS TIMELY

11. On June 20, 2017, Plaintiff filed the Action. Walmart was personally served with the Summons and Complaint on June 22, 2017. Accordingly, this removal is timely pursuant to 28 U.S.C. § 1446(b).

## NO ADMISSION

12. Walmart does not concede in any way that the allegations in Plaintiff's pleading are accurate, that this action satisfies the requirements for class certification, or that Plaintiff or putative class members are entitled to compensatory or statutory damages, restitution, attorney fees, or any other relief.

13. The undersigned counsel has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, the Action is hereby removed to this Court from the Superior Court of the State of California, County of Orange.

Respectfully submitted,

DATED: July 21, 2017      GREENBERG TRAURIG, LLP

By  */s/ Robert J. Herrington*
Robert J. Herrington

Attorneys for Defendant,
WAL-MART STORES, INC.