GREENBERG TRAURIG, LLP
Robert J. Herrington (SBN CA 234417)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Tel.: 310.586.7700; Fax: 310.586.7800
herringtonr@gtlaw.com

GREENBERG TRAURIG, LLP
James N. Boudreau (admitted pro hac vice)
2700 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19103
Tel.: 215.988.7833; Fax: 215-988-7801
boudreauj@gtlaw.com

Attorneys for Defendant,
WAL-MART STORES, INC.,

SETAREH LAW GROUP
Shaun Setareh (SBN CA 204514)
shaun@setarehlaw.com
Thomas Segal (SBN CA 222791)
thomas@setarehlaw.com
9459 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212

Attorneys for Plaintiff
RANDY PITRE

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| RANDY PITRE, on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.  8:17-cv-1281-DOC-DFMx<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:   October 30, 2017<br>Time:   8:30 a.m.<br>Place:  July 28, 2017<br>Judge:  Hon. David O. Carter |

Pursuant to Fed. R. Civ. P. 26(f), a conference was held on September 27, 2017 between Shaun Setareh and Thomas Segal, counsel for Plaintiff RANDY PITRE ("Plaintiff" or "Pitre"), and Robert Herrington and James Boudreau, counsel for Defendant WAL-MART STORES, INC. ("Defendant" or "Walmart"). The parties, by and through their undersigned counsel, hereby submit their Joint Report in advance of the October 30, 2017 Scheduling Conference as follows:

**A.     Factual Summary of Case and of Claims and Defenses**

*Plaintiff's Statement*

This lawsuit is a putative class action in which Plaintiff alleges that Defendant willfully violated the Fair Credit Reporting Act ("FCRA"), the California Investigative Consumer Reporting Agencies Act ("ICRAA"), and the Consumer Credit Reporting Agencies Act ("CCRAA") by using forms in connection with employment background checks that Plaintiff claims did not comply with the law. The alleged violations arise from deficient practices related to the form and content of mandatory disclosures and rights summaries that must be provided before any employment background checks can occur.

Plaintiff alleges the following specific claims for relief: (1) violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act); (2) violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act); (3) violation of California Civil Code § 1786 et seq. (Investigative Consumer Reporting Agencies Act); (4) violation of California Civil Code § 1785 et seq. (Consumer Credit Reporting Agencies Act); and (5) Unfair Competition (Bus. § Prof. Code §§ 17200 et seq.)

*Defendant's Statement*

Walmart denies Pitre's allegations. In connection with Pitre's application, Walmart complied with applicable law, including the FCRA and ICRAA. Walmart did not obtain a consumer credit report for Pitre, and therefore the CCRAA is inapplicable. Pitre also does not allege, and could not have suffered, any actual injury, which is fatal to all his claims. Walmart further denies that any class could be certified in this case. Determining whether

there was any possible noncompliance with the FRCA or ICRAA would require an individualized inquiry of each applicant's file, as well as the relevant practices at the store or stores where the applicant applied, thus defeating commonality and predominance.

**B.     Principal Issues**

*Plaintiff's Statement*

Plaintiff contends that key issues in this matter include the following:

1. Whether any of Defendant's documents constituting a disclosure for purposes of procuring an employment background check contain all necessary information required by the FCRA;

2. Whether any of Defendant's documents constituting a disclosure for purposes of procuring an employment background check are clear and conspicuous as required by the FCRA;

3. Whether any of Defendant's documents constituting a disclosure for purposes of procuring an employment background check contain any extraneous information;

4. Whether any of Defendant's documents constituting a disclosure for purposes of procuring an employment background check consists solely of the disclosure required under the FCRA;

5. Whether Defendant timely notified Plaintiff and others of their right to obtain a complete and accurate disclosure of the nature and scope of the investigation requested under the FCRA;

6. Whether any of Defendant's documents constituting a disclosure for purposes of procuring an employment background check contain all necessary information required by the CCRAA and the ICRAA;

7. Whether any of Defendant's documents constituting a disclosure for purposes of procuring an employment background check are clear and conspicuous as required by the CCRAA and the ICRAA;

8. Whether any of Defendant's documents constituting a disclosure for purposes of procuring an employment background check consists solely of the disclosure required under the CCRAA and the ICRAA;
9. Whether Defendant's conduct related to employment background check disclosures and rights statements was willful.
10. Whether Defendant's conduct is unlawful as that term is defined under California's Unfair Competition Law and the decisional authority interpreting it.
11. Whether this matter is suitable for classwide resolution.

*Defendant's Statement*

Walmart contends that the following issues will be key in determining this case: (i) whether Pitre suffered any actual injury or the loss of money or property (none is alleged); (ii) whether the disclosures provided to Pitre complied with federal and California law; (iii) whether Walmart obtained a consumer credit report on Pitre (none is alleged); (iv) whether Plaintiffs can present evidence establishing that the elements of Rule 23 are satisfied; and (v) whether Pitre can establish a basis for injunctive relief (none is alleged).

**C.     Additional Parties and Amended Pleadings**

The parties do not presently anticipate that additional parties will appear in this litigation or that the pleadings will be amended. Should the need to add parties or amend pleadings arise, the parties will adhere to the deadlines set forth in the Court's Scheduling Order.

**D.     Anticipated Motions**

*Plaintiff's Statement*

Plaintiff anticipates filing a motion for class certification. Plaintiff also anticipates filing a motion for summary judgment or partial summary judgment as to claims and/or liability as to some or all claims.

*Defendant's Statement*

Defendant filed a Rule 12(b)(6) motion to dismiss Plaintiff's CCRAA and Unfair Competition Law (UCL) claims, which the Court took under submission. Defendant anticipates filing a motion for summary judgment.

**E.  Settlement and ADR**

The parties agree that this case is suitable for private mediation. The parties believe that any settlement discussions would be more meaningful after the completion of discovery pertaining to class certification issues. If not mediated at an earlier date, the parties are agreeable to private mediation after the filing deadline for class certification and summary judgment and before a hearing on those motions.

**F.  Discovery**

**1.  Discovery Subjects**

*Plaintiff's Statement*

The subjects on which Plaintiff anticipates that discovery will be conducted include, but are not limited to, exemplars of every version of disclosure forms supplied to employees or applicants relating to employment background checks, the numbers of each version or versions of disclosure forms supplied to employees or applicants relating to employment background checks, the total number of background checks performed within the class period, the vendor or vendors involved in background checks for Defendant, the source or sources of disclosure forms utilized by Defendant, the persons most knowledgeable regarding the creation of forms and procedures for employment background checks by Defendant, exemplars of every notice disclosing rights relating to employment background checks, the numbers of each version or versions of notices disclosing rights relating to employment background checks that were provided to applicants or employees, the total number of notices disclosing rights relating to employment background checks that were provided to applicants or employees, communications about forms, notices and disclosures related to employment background checks, policies and practices related to employment background checks. Plaintiff may

also seek a sample of class member contact information to verify that class member experiences are consistent with Defendant's claimed policies and practices.

*Defendant's Statement*

The subjects on which Defendant anticipates that it will need to conduct discovery include, but are not limited to, discovery regarding Plaintiff Randy Pitre, including with respect to his application for and employment at Walmart. Defendant may also conduct discovery regarding other putative class members.

**2. Limitations on Discovery**

The parties agree to the discovery limitations set forth in the Federal Rules of Civil Procedure.

**3. Discovery Plan**

The parties agree to complete initial disclosures within 30 days of the filing of this Joint Rule 26(f) Report. The parties propose to initially focus on class certification and the named Plaintiff's application for employment, employment history and claims. The parties will meet and confer and work cooperatively on the scope of discovery and any issues that arise, including with respect to electronically stored information. To the extent discovery calls for the production of confidential and/or proprietary documents, the parties will meet and confer and submit a stipulation and proposed protective order for the Court's review.

**G. Trial Estimate**

Plaintiff has demanded a trial by jury. The parties cannot provide an accurate trial estimate or trial setting date until the Court rules on the pending motion to dismiss and anticipated class certification and summary judgment motions. The parties propose that, after the decision on class certification, the Court hold a further status conference to determine what additional discovery may be needed, as well as the scope of trial. At this juncture, however, and for the purposes of complying with the Court's initial case management order, the parties provide the following preliminary estimates/dates:

If no class is certified, the parties anticipate trial taking approximately 1-2 days.

If a class is certified, the Defendant anticipates trial taking approximately 10-14 days, although this may change based on the Court's summary judgment ruling.

**H.   Proposed Schedule**

| Event | Proposed Deadline |
|---|---|
| Exchange of initial disclosures | November 16, 2017 |
| Close of class-related discovery | July 31, 2018 |
| Motion to certify class | August 15, 2018 |
| Opposition to class certification motion | September 15, 2018 |
| Reply regarding class certification motion | September 30, 2018 |
| Private mediation | No later than November 9, 2018 |
| Class certification hearing | November 12, 2018 |
| Affirmative expert disclosures (merits) | January 15, 2019 |
| Rebuttal expert disclosures (merits) | February 15, 2019 |
| Discovery cut-off (including merits-expert discovery) | March 1, 2019 |
| Final motion cut-off | April 15, 2019 |
| Pretrial conference | May 13, 2019 |
| Trial | June 18, 2019 |

///
///
///
///
///
///
///
///
///

DATED: October 16, 2017                GREENBERG TRAURIG, LLP

                                       By  */s/ Robert J. Herrington*
                                           Robert J. Herrington

DATED: October 16, 2017                SETAREH LAW GROUP

                                       By  */s/ Shaun Setareh*
                                           Shaun Setareh

## ATTESTATION

I, Robert J. Herrington, am the CM/ECF user whose ID and password are being used to file this Joint Rule 26(f) Report. Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that Shaun Setareh, on whose behalf this filing is jointly submitted, has concurred in this filing.

                                       */s/ Robert J. Herrington*
                                       Robert J. Herrington