UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **RANDY PITRE**<br><br>　　Plaintiff,<br><br>vs.<br><br>**WAL-MART STORES, INC.; and DOES 1 through 100, inclusive,**<br><br>　　Defendants. | **Case No. SA CV 17-01281-DOC (DFMx)**<br><br>**ORDER GRANTING MOTION FOR CLASS CERTIFICATION [34] and GRANTING MOTION TO ADD CLASS REPRESENTATIVES [33]** |

　　Before the Court is Plaintiff Randy Pitre's ("Plaintiff") Motion for Class Certification ("Class Cert. Mot.") (Dkt. 34) and Motion for Leave to Add Additional Class Representatives Cassandra Walters and Desirae Wilson ("Class Rep. Mot.") (Dkt. 33). The Court heard oral arguments on January 14, 2019.

## I. Background

This Motion for class certification is brought by Plaintiff against Defendant Wal-Mart Stores, Inc. ("Defendant") for alleged violations of the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. §§ 1681 *et seq.*, and the Investigative Consumer Reporting Agencies Act ("ICRAA") Legal Remedies Act, Cal. Civil Code § 1786 *et seq.*

### A. Facts

Plaintiff was employed by Defendant as an hourly, non-exempt employee from approximately November 11, 2015 through August 22, 2016. Complaint (Dkt. 1-1) ¶ 4. Defendant is a corporation organized and existing under the laws of Delaware and operates in the State of California. Proposed new class representative Cassandra Walters applied for a job with Wal-mart in Lancaster, California around February 2014 and was hired around that time. Declaration of Cassandra Walters ("Walters Decl.") (Dkt. 33-1) ¶ 5. Proposed new class representative Desirae Wilson applied for a job with Wal-mart in Placerville, California around December 2017 and was hired around that time. Declaration of Desirae Wilson ("Wilson Decl.") (Dkt. 33-2) ¶ 5.

Plaintiff alleges that, when Plaintiff applied for employment, Defendant performed a background check without proper and legal authorization in accordance with federal and state law, and without a disclosure that complied with the FCRA and California law. Compl. ¶ 18. Specifically, Plaintiff alleges Defendant procured credit and background reports (i.e. a consumer report and/or investigative consumer report as defined in the FCRA). Compl. ¶ 27. Associated with those reports, Plaintiff alleges Defendant failed to comply with the disclosure requirements of the FCRA by willfully including extraneous information in disclosure forms, which violates disclosure and authorization requirements. *Id.* ¶ 33. Plaintiff also alleges Defendant procured investigative reports or caused investigative consumer reports to be procured for Plaintiff and class members without informing class members of their rights to request a written summary of their rights under the FCRA. *Id.* ¶¶ 34, 42. Plaintiff further alleges that such disclosures violated the ICRAA. *Id.* ¶¶ 59–64.

### B. Class Allegations

Plaintiffs seeks certification of a class defined as:

> "All of DEFENDANTS' current, former and prospective applicants for employment in the United States who applied for a job with DEFENDANTS at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action."

Class Cert Mot. at 11–12. Plaintiff also requests certification of two subclasses, defined as:

> **Sub-Class 1**: All members of the **Class** who applied for employment prior to November 5, 2015.
>
> **Sub-Class 2**: All members of the **Class** who applied for employment on or after November 5, 2015."

*Id.* at 12. Plaintiff further "request certification of other such sub-classes as are necessary to manage the proposed class and sub-classes and as approved by the Court." *Id.*

Plaintiff contends that this case is "readily amenable to class certification because it hinges on the legality of the several pre-employment disclosure forms provided to class members." Class Cert. Mot. at 1. Plaintiff argues that all class members were provided with the alleged impermissible disclosures regarding background checks by Defendant, and thus that common issues of law and fact are predominant over any individual issues in the instant action. *Id.* at 20–21.

### C. Procedural History

On June 20, 2017, Plaintiff filed this action in the Superior Court of California, County of Orange (Dkt. 1-1). On July 21, 2017, Defendants filed a Notice of Removal (Dkt. 1) in this Court. Defendant filed a Motion to Dismiss State Law Claims (Dkt. 13) on August 28, 2017. Plaintiff opposed (Dkt. 17) on September 25, 2017, and Defendant replied (Dkt. 18) on October 2, 2017. This Court Granted Defendant's Motion to Dismiss (Dkt. 26) on November 8, 2017, and dismissed Plaintiff's fourth and fifth claims.

On October 15, 2018, Plaintiff filed the instant Motion for Leave to Add New Class Representatives ("Class Rep. Mot.") (Dkt. 33) and Motion for Class Certification ("Class Cert. Rep.") (Dkt. 34). Defendant opposed the Class Certification Motion ("Class Cert. Opp'n") (Dkt. 36) on November 15, 2018, and Plaintiff replied ("Class Cert. Reply") (Dkt. 37) on

November 30, 2018. Defendant opposed the Class Representative Motion ("Class Rep. Opp'n") (Dkt. 39) on December 21, 2018, and Plaintiff replied ("Class Rep. Reply") (Dkt. 42) on December 28, 2018.

## II. Legal Standard

### A. Requests to Amend

Federal Rule of Civil Procedure 16(b) governs a district court's issuance of a scheduling order. Fed. R. Civ. P. 16(b). Under Rule 16, "[a] schedule may be modified only for *good cause* and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

If good cause is shown, "a party must next satisfy Rule 15(a)." *United States ex rel. Terry v. Wasatch Advantage Group, LLC*, 327 F.R.D. 395, 404 (E.D. Cal. 2018). Under Federal Rule of Civil Procedure 15(a) "'[t]he court should freely give leave [to amend its pleading] when justice so requires,' and the Ninth Circuit has 'stressed Rule 15's policy of favoring amendments.'" *Wasatch*, 327 F.R.D. at 404 (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

### B. Class Certification

Federal Rule of Civil Procedure 23 governs class actions, which are "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979). Under Rule 23(a), a party seeking class certification must demonstrate the following prerequisites: (1) the class is so "numerous" that joinder of all members individually is impracticable; (2) there are questions of law or fact "common" to the class; (3) the claims or defenses of the class representatives are "typical" of the claims or defenses of the class; and (4) the person representing the class is able to fairly and "adequately" protect the interests of all class members. Fed. R. Civ. P. 23(a); *see also Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). These requirements are commonly referred to as "numerosity," "commonality," "typicality," and "adequacy." *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v.*

*ConocoPhillips Co.*, 593 F.3d 802, 806 (9th Cir. 2010). The party seeking certification may not rest on mere allegations, but must provide facts to satisfy these requirements. *Doninger v. Pac. Northwest Bell, Inc.*, 564 F.2d 1304, 1309 (9th Cir. 1977) (citing *Gillibeau v. Richmond*, 417 F.2d 426, 432 (9th Cir. 1969)).

After satisfying the four prerequisites of numerosity, commonality, typicality, and adequacy, a party must also demonstrate compliance with one of the requirements under Rule 23(b). Here, Plaintiffs seek class certification Rule 23(b)(3). Under Rule 23(b)(3), Plaintiff must demonstrate that common "questions of law or fact" predominate over questions affecting individual members, and that a class action is a superior method "for fairly and efficiently adjudicating" the action. Fed. R. Civ. P. 23(b)(3).

The decision to grant or deny a motion for class certification is committed to the trial court's broad discretion. *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010). However, a party seeking class certification must affirmatively demonstrate compliance with Rule 23—that is, the party must be prepared to prove that there are *in fact* sufficiently numerous parties and common questions of law or fact. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011). This requires a district court to conduct a "rigorous analysis" that frequently "will entail some overlap with the merits of the plaintiff's underlying claim." *Id.* at 350–51. Nevertheless, any merits consideration must be limited to those issues necessary to deciding class certification. *See Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013). "[W]hether class members could actually prevail on the merits of their claims is not a proper inquiry in determining the preliminary question of whether common questions exist." *Stockwell v. City & Cnty. of San Francisco*, 749 F.3d 1107, 1112 (9th Cir. 2014) (citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011)).

### III. Discussion

#### A. Motion to Add New Class Representatives

Plaintiff argues that he has shown good cause to allow amendment of the Complaint to add two new class representatives due to Plaintiff's health issues. Class Rep. Motion at 2. Plaintiff argues his counsel had no reason to believe his health problems might impair his

ability to prosecute the action before the deadline to amend the pleadings in January 2018, and Plaintiff asks for leave to amend now that the health issues have become apparent. *Id.* Defendant argues that good cause does not exist because Plaintiff's counsel knew of Plaintiff's health issues two months before moving to add additional class representatives, and then the motion should be denied because Plaintiff was not diligent. Class Rep. Opp'n at 4–5. Further, Defendant argues that substitution of a class representative may be appropriate only after a motion for class certification has been granted. *Id.* at 7–10.

The Court finds Plaintiff has shown good cause to add new class representatives under Rule 16, and that leave to amend comports with Rule 15. In August 2018, Plaintiff informed his counsel that he was unsure whether he could proceed with the instant action due to his ongoing health condition, chronic pancreatitis. Declaration of Randy Pitre ("Pitre Decl.") ¶ 6. Accordingly, Plaintiff's counsel filed the instant motion to add proposed class representatives Cassandra Walters and Desirae Wilson to the Complaint. Class Rep. Mot. at 2, 5.  The Court finds that Plaintiff has demonstrated good cause for leave to amend, and further, that leave to amend is appropriate under Rule 15(a)(2).

Defendant argues that the motion to add class representatives should be denied because substitution is only appropriate once class certification has already been granted, citing *Velasquez v. GMAC Mortg. Corp.*, 2009 WL 2959838 (C.D. Cal. Sept. 10, 2009) and *Miller v. Mercedes-Benz USA LLC*, 2009 WL 1393488 (C.D. Cal. May 15, 2009). However, in contrast to the cases cited by Defendant, Plaintiff does need seek to substitute Walters and Wilson in for Pitre, but rather moves to add Walters and Wilson as class representatives in addition to Pitre. Finally, to the extent that Defendant cites cases in which amending the class representatives is appropriate only if a motion for class certification has been granted, the Court finds that Plaintiff Pitre, standing alone, would be an adequate class representative and the Court would grant class certification with solely Pitre as class representative, as noted below. Accordingly, Defendant's argument holds no merit.

The Court GRANTS Plaintiff's Motion Leave to Add Additional Class Representatives Cassandra Walters and Desirae Wilson.

### B. Class Certification

Plaintiff moves to certify a class of employees and former employees, and argues that the proposed class should be certified as it satisfies the requirements of Rule 23(a) and Rule 23(b)(3).

#### 1. Numerosity

Plaintiff must demonstrate that the proposed class "is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Impracticability depends on the specific case facts of each case. *General Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 330 (1980). Plaintiff alleges a class size of roughly 5,000,000. Class Cert. Mot. at 14. Defendants do not challenge the numerosity of the proposed class. The class plainly satisfies the numerosity requirement. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 654 (C.D. Cal. 2000) ("[a]s a general matter, courts have found that numerosity is satisfied when class size exceeds 40 members").

#### 2. Typicality and Adequacy

Plaintiff argues that Pitre, Walters, and Wilson's claims are typical of the proposed class's claims because they suffered the same injury as fellow class members, that is, the background check violations alleged in the Complaint. Class Cert. Mot. at 15. Plaintiff alleges that, like all class members, Pitre, Walter, and Wilson were employed by Wal-mart, and Wal-mart "utilized multi-part background containing language alleged to be non-compliant under the FCRA and analogous California state law. Plaintiff also argues that Pitre, Walter, and Wilson are adequate because they allegedly suffered the same violations of rights affecting all class members, and states that Plaintiff's counsel are experience in litigating employment class actions. Class Cert. Mot. at 16. Defendant argues that Plaintiff Pitre is not an adequate representation and does not have claims typical of the class because he has not devoted sufficient time or involvement to the instant action, and he knew that a consumer report was required to secure employment at Walmart. Class Cert. Opp'n at 18–22.

A class representative's claims or defenses must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Courts assess typicality by determining whether the class representatives and the rest of the putative class have similar injuries and conduct. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). A class representative must also be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In determining adequacy, courts resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

The Ninth Circuit has stated that "[t]he purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon*, 976 F.2d at 508. The "test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Id.* (citing *Schwartz v. Harp*, 105 F.R.D. 279, 282 (C.D. Cal. 1985)). Representative claims "are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. "[C]lass certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Hanon*, 976 F.2d at 508.

Plaintiff Pitre and the proposed new class representatives' claims are typical of that of the larger proposed class. Plaintiff argues that all employees were subject to the same, allegedly improper, disclosures, and thus the claims of the three proposed representatives are typical to those of the larger proposed class. Class Cert. Mot. at 14. Pitre, Walter, and Wilson are likewise adequate to represent the proposed class. The three representatives do not appear to have any conflicts of interest with other class members, as they allege the same harm that is alleged on a class-wide basis. *Hanlon*, 150 F.3d at 1020.

Further, Plaintiff has sufficiently alleged that the three representatives and their counsel will prosecute the action vigorously on behalf of the class. Mot. at 14. Defendant argues that

Plaintiff Pitre has not been diligent in responding to discovery and that he has not spent sufficient time on the matter, citing Pitre's deposition. Class Cert. Opp'n at 18–20. However, to the extent that there have been delays in Pitre's responses, the Court notes that Pitre states in his deposition he only has access to email by taking a bus to a library, and the Court will not find a class representative inadequate due to a lack of financial resources. *See* Videotaped Deposition of Randy Pitre (Dkt. 36 Ex. B) ("Pitre Dep.") at 23: 20, 24: 1–11. The Court also finds that Pitre's stated investment of time in the case thus far is adequate for class representation. *See* Pitre Dep. at 24: 1–11. Moreover, Pitre appears to understand his role as class representative, as he states in his deposition that he is "representing a group of victims who are seeking justice." Pitre Dep. at 26. Walters and Wilson's respective declarations also evidence an understanding of their role and a willingness to carry out the duties of a class representative. *See* Walters Decl. ¶ 4; Wilson Decl. ¶ 4. The Court accordingly finds that Plaintiff has met the typicality and adequacy requirements of Rule 23(a).

### 3. Commonality

Next, Plaintiff argues that commonality is met because all class members share the overarching common set of claims regarding the legality of Defendant's background check practices, and whether Walmart's disclosures were willfully unlawful is a central issue common to the class. Class Cert. Mot. at 17, 19. Defendant contends that individual issues predominate over any issues allegedly common to the class. Class Cert. Opp'n at 13–14.

When class certification is sought, there must be "questions of law or fact common to the class." Rule 23(a)(2). Courts must perform a "rigorous analysis" to determine whether "there are questions of law or fact common to the class," but "even a single common question will do." *Wal-Mart*, 564 U.S. 338, 359 (2011) (citations, brackets, and quotations omitted). Certification is appropriate where the legality of a particular policy presents a "significant question of law" that is "apt to drive the resolution of the litigation." *Abdullah v. U.S. Sec. Assoc.*, 731 F.3d 952, 963 (9th Cir. 2013) (citing *Wal-Mart*, 564 U.S. 350). "Rule 23(a)(2) has been construed permissively…[t]he existence of shared legal issues with divergent factual

predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Halon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Here, class members share sufficient common issues of law and fact to meet the commonality requirement. Plaintiff alleges that all class members received improper disclosures regarding the background check that was to be performed by Wal-mart (or agencies with which it contracted), and that such disclosures violated state and federal law. Class Cert. Mot at 15. Even if the disclosures that class members received from various Wal-mart stores were not identical, the disclosures need not be exactly the same so long as a single common question that is "apt to drive the resolution of the litigation" is present. *Abdullah*, 731 F.3d at 963. Plaintiff has adequately shown that whether Wal-mart's disclosures violated state and federal law will turn on whether the disclosures "contained extraneous information." Class Cert. Mot at 1–2. The Court finds that there are common questions of law and fact such that class certification is appropriate as to Plaintiff's proposed class.

### C. Rule 23(b)(3)

Additionally, to certify a class under Rule 23(b)(3), a court must find that "the questions of law or face common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed R. Civ. P. 23(b)(3).

#### 1. Predominance

Plaintiff argues that common issues predominate because the "legality of Defendant's forms comprises the near totality of issues that will need to be decided to resolve this matter on the merits." Class Cert. Mot. at 20. Specifically, Plaintiff argues that the issue of whether Defendant complied with the "standalone" and "clear and conspicuous" disclosure requirements is common to the class, and common evidence will establish what was contained in the disclosure forms utilized. *Id.* at 20–22. Plaintiff similarly alleges that common issues predominate in the related ICRAA claims because the standards under the ICRAA are essentially identical to those imposed under the FRCRA and the same common questions will apply. *Id.* at 22. Defendant contends that the factfinder will need to conduct individualized

inquiries as to the disclosures that will overwhelm any common issues, such as individualized inquiries regarding whether Walmart procured a background report on each applicant and whether each applicant read the alleged non-compliance disclosure. Class Cert. Opp'n at 12–13.

When certification is sought for a litigation class, the predominance inquiry under Rule 23(b)(3) asks whether "common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication[.]" *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998)). "The predominance criterion is far more demanding" than the commonality requirement of Rule 23(a). *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623–24 (1997). Yet "[w]hen 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as . . . some affirmative defenses peculiar to some individual class members.'" *Tyson Foods, Inc. v. Bouaphakeo*, ––– U.S. –––, 136 S. Ct. 1036, 1045 (2016) (citation omitted). The party seeking class certification has the burden of establishing predominance. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979 (9th Cir. 2011) (citation omitted). Further, plaintiffs must show that "'damages are capable of measurement on a classwide basis,' in the sense that the whole class suffered damages traceable to the same injurious course of conduct underlying the plaintiffs' legal theory." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1120 (9th Cir. 2017) (citing *Comcast v. Corp. v. Behrend*, 569 U.S. 34 (2013)).

Plaintiff has sufficiently demonstrated predominance for class certification. As Plaintiff states, whether Defendant's disclosures are standalone and clear and conspicuous is determinative of whether Defendant's conduct is violative of state and federal law, and is thus the "central" issue in the action. *Tyson Foods, Inc.*, 136 S. Ct. at 1045. The alleged invalidity of Defendant's disclosures is common to all class members, as all class members received

disclosures, and accordingly common issues of law and fact as to the disclosures are predominant in the instant action.[1]

Defendant argues that individual issues will predominate and that Plaintiff lacks Article III standing, in part, because some putative class members knew Defendants would conduct a background check and thus some class members do not have a concrete injury sufficient for Article III standing. Opp'n at 13–14. Under *Spokeo v. Robins, Inc.*, a FRCA procedural claim may result in no harm, and a plaintiff bringing such a FCRA claim must demonstrate a concrete injury. 136 S. Ct. 1540, 1550 (2016). However, *Spokeo* also suggested that the "risk of real harm" could satisfy concreteness, *Id.* at 1549, and on remand, the Ninth Circuit determined that the harm alleged due to the violation of the FCRA at issue satisfied concreteness where the plaintiff alleged false reporting. *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1117 (9th Cir. 2017). Here, Plaintiff alleges that Defendant procured investigative consumer reports (or caused them to be procured) without notifying applicants "of their right to request a summary of their rights under the FCRA." FAC ¶ 34. Plaintiff is thus alleging that Defendant accessed Plaintiff and class members' personal information in violation of their protected rights, a violation that constitutes a concrete harm rather than a "mere technical" violation of the FCRA. *Robins v. Spokeo, Inc.*, 867 F.3d at 1117 (internal citations omitted). The Court accordingly finds that Plaintiff has sufficient standing for class certification purposes,[2] and Plaintiff has sufficiently shown that issues common to the class predominate for purposes of class certification.

### 2. Superiority

Defendant argues that Plaintiff does not meet superiority because resolving whether each class members incurred an FCRA would be an individualized inquiry, and because Plaintiff fails to show how the Court will trial his disclosure theories on a class-wide basis. Class Cert. Opp'n at 15–16. Plaintiff argues that the central issue is whether the form sets Wal-mart

---

[1] Defendant also argues that statutory damages under the FCRA must be calculated by the Court on an individual basis. Class Cert. Opp'n at 15. However, courts have found that certifying an FCRA class where Plaintiff claims statutory damages may be appropriate, as class members with significant actual damages may opt out of the class. *See, e.g., Chakejian v. Equifax Infor. Servs. LLC*, 256 F.R.D. 492, 500 (E.D. Pa. 2009). Here, the damages are unlikely to vary across the class, as the injury, common to all members, is the improper release of information.

[2] To the extent discovery reveals that individual issues regarding disclosure and consent begin to predominate, Defendant can file a motion to de-certify, but at this stage Plaintiff has demonstrated that the putative class members require common resolution of the same, critical question: the legality of Defendants' disclosures.

utilized during the class period are lawful, and trying that issue on a class-wide basis is superior and manageable. Class Cert. Mot at 24; Reply at 18.

A class action must be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy." *In re Google Referrer Header Privacy Litigation*, 869 F.3d 737 (9th Cir. 2017). The factors relevant to determining superiority include: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3) (A–D).

Class action is the superior method to adjudicate the FCRA and ICRAA claims. As Plaintiffs highlight, whether Defendant's form disclosures were lawful is a singular question that can be adjudicated based on the disclosures themselves rather than individualized inquiries as to each class member's experience. Accordingly, class action would be manageable as well as a superior method of adjudicating Plaintiff's FCRA and ICRAA claims. The Court thus finds that Plaintiff meets the superiority requirement of Rule 23(b)(3).

### IV.   Disposition

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Class Certification and GRANTS Plaintiff's Motion for Leave to Add Additional Class Representatives Cassandra Walters and Desirae Wilson.

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Dated:  January 17, 2019